required to address the seriousness of the offenses, to provide adequate deterrence to criminal conduct, and to protect the public. Thus, we see no reason why such a sentence should be deemed "unreasonable."

Accordingly, the judgment of the district court for both Defendants Simmers and Jones is AFFIRMED.

sory status. *See United States v. Paladino,* 401 F.3d 471 (7th Cir.2005).

The district judge has now replied that he would today impose the same sentence, knowing of the Guidelines' advisory status. The range under the Guidelines is 37 to 46 months, and Fish's sentence of 37 months is the lowest possible sentence. We do not see any reason why such a sentence would be deemed "unreasonable" in post-*Booker* practice. The judgment of the district court therefore is AFFIRMED.

## UNITED STATES of America, Plaintiff–Appellee,

v.

## Jeremy FISH, Defendant–Appellant.

### No. 04–1197.

United States Court of Appeals, Seventh Circuit.

July 12, 2005.

## UNITED STATES of America, Plaintiff–Appellee,

v.

## Dustin M. BROKAW, Defendant– Appellant.

### No. 04–3925.

United States Court of Appeals, Seventh Circuit.

Argued June 15, 2005.

Decided July 14, 2005.

Jonathan H. Koenig, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Joan M. Boyd, Shawano, WI, for Defendant–Appellant.

Before EVANS, WILLIAMS, and SYKES, Circuit Judges.

### ORDER

This court ordered a limited remand so the district court could state on the record whether the sentence remains appropriate now that *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has limited the Guidelines to advi-

